IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KATRINN BOWDEN MEEKER, DEBTOR ) | Bankruptcy Case: 10-04927 MAM |
| ) | |
| ) | |
| CHAPTER 13 | |

| | |
|---|---|
| KATRINN BOWDEN MEEKER, DEBTOR ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | Adversary Proceeding Number: 11:00040 |
| ) | |
| SIROTE & PERMUTT PC, LENDER ) | |
| PROCESSING SERVICES, INC., LPS ) | |
| DEFAULT SOLUTIONS, LLC ) | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS LENDER PROCESSING SERVICES, INC. AND LPS DEFAULT SOLUTIONS, LLC'S MOTION FOR SUMMARY JUDGMENT**

COME NOW, the Defendants, **Lender Processing Services, Inc.**[1] **and LPS Default Solutions, Inc.** (unless individually identified, hereinafter collectively referred to as "LPS") and submits this Legal Memorandum in Support of its contemporaneously filed Motion for Summary Judgment. In addition, LPS also adopts and incorporates Co-Defendant, Sirote & Permutt, P.C.'s Motion for Summary Judgment, as if fully set out herein. In support of its Motion, LPS states as follows:

---

[1] LPS Default Solutions, Inc. is an indirect subsidiary of Lender Processing Services, Inc.

## INTRODUCTION

This is an adversary proceeding brought by bankruptcy debtor Katrinn Bowden Meeker(hereinafter "Debtor" or "Plaintiff") alleging that the law firm of Sirote & Permutt, PC, has undisclosed legal fee-splitting arrangements with LPS and that these agreements also somehow constitute the unauthorized practice of law by LPS. LPS denies Plaintiff's allegations in their entirety. Specifically and perhaps most importantly, LPS and Sirote & Permutt, PC had no agreement of any kind for LPS to provide either technology or administrative services as alleged with regard to this Debtor's bankruptcy case. Because no such agreement exists relative to the Debtor, Plaintiff can prove no facts which would give any rise to any liability to the Plaintiff in this case. Accordingly, LPS is entitled to summary judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to the bankruptcy context by Federal Rule of Bankruptcy Procedure 7056, requires that summary judgment be granted if the moving party can show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In a motion for summary judgment, the moving party has the burden to establish that there are no genuine issues of material fact that should be decided at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, at 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations

omitted). In this effort, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is material if it might affect the outcome of a proceeding under the governing substantive law. Id.

## BACKGROUND AND PLAINTIFF'S ALLEGATIONS

On October 21, 2010, this Debtor and Plaintiff filed for bankruptcy protection under Chapter 13. On April 13, 2011, Plaintiff filed the instant adversary case against these defendants, including Lender Processing Services, Inc. and LPS Default Solutions, Inc. (Complaint, Doc. [1]).

Plaintiff claims that the defendants to this action are an Alabama law firm and two separate entities with whom this law firm has undisclosed and illegal fee-splitting arrangements, and that these undisclosed contractual arrangements result in the unauthorized practice of law by the non-law firm entities. (Complaint, Doc. [1], at Counts I - X). Plaintiff alleges that these actions violate the Rules of Procedure, the Bankruptcy Code and the Bankruptcy process, but fail to specify the code sections allegedly violated and how. Id.

Specifically with regard to LPS, Plaintiff claims that the LPS is a party to a network agreement with Sirote & Permutt, P.C. and that pursuant to that network agreement, Sirote & Permutt, P.C. shared with LPS a portion of the legal fees it charged

its client related to this particular Debtors' bankruptcy case. Plaintiff also alleges that the services provided by LPS under the purported network agreement allows it to engage in the unauthorized practice of law by delegating both legal judgment and legal work to the non-lawyer defendants. (Complaint, Doc. [1], Count VIII). The existence of an alleged agreement between LPS and Sirote & Permutt, P.C. related to this Debtor, therefore, is the foundation of all of Plaintiff's claims against LPS.

## THE PLAINTIFF CANNOT PROVE THE ALLEGATIONS SET OUT IN HER COMPLAINT

Plaintiff's claims against LPS in this adversary proceeding hinge entirely upon her allegation that an agreement existed between LPS and Sirote & Permutt, P.C., related to the Debtor's mortgage and pending bankruptcy. As demonstrated by the Affidavit of Michael Cloin (attached to the Motion as "Exhibit A"), <u>no</u> so such agreement exists applicable to this Plaintiff's claims. *See also*, Declaration of Donald M. Wright, attached as an Exhibit to Co-Defendant, Sirote & Permutt P.C.'s Motion for Summary Judgment.

LPS Default Solutions is a wholly-owned subsidiary of Lender Processing Services, Inc. (Ex. A). Lender Processing Services, Inc. is a holding company. Id. Lender Processing Services, Inc. has no employees and it neither owns or licenses any software or technology. Id.

LPS Default provides loan servicing clients (each a "Client") and Client selected law firms ("Client Firms") with access to a set of proprietary and fully-hosted, web-based applications (collectively, the "System") designed by LPS Default for the management for foreclosures and bankruptcies. Id. The system is a workflow management tool. Id. The System provides a conduit for Clients and Client Firms to share and access information and documents related to matters referred by Clients to Client Firms, and for Clients and Client Firms to communicate across a secured platform. Id.

According to the Court file, it appears that Wells Fargo Bank, N.A. acted as the servicer of this particular Debtor's loan. Id. At all times relevant to this case, Wells Fargo, did not utilize the LPS Default System or any administrative default services in relation to this particular Debtor. Id. Moreover, LPS Default did not provide any System technology to Sirote & Permutt, P.C. in relation to this particular Debtor. Id. Finally, in this particular Debtor's case, LPS Default did not provide any administrative default services to Sirote & Permutt, P.C. and has received no payment for any such services. Id. As a result, the Plaintiff cannot prove the allegations which serve the basis of her complaint and these Defendants are entitled to judgment as a matter of law.

## LPS IS ENTITLED TO SUMMARY JUDGMENT

Summary Judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issues of material fact." Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) (quoting Celotex Corp. v. Catrett, supra (quoting Fed.R.Civ.P. 56(c)). The mere existence of some factual dispute will not defeat summary judgment unless that dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Brown v. Progress Energy, 2010 WL 381121, *1 (11th Cir. 2010) (citing Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995)). Unsubstantiated assertions along are not enough to withstand a motion for summary judgment. Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987). Speculation or conjecture from a party cannot create a genuine issue of material fact. Gerard v. Board

of Regents of State of Ga., 2009 WL 1101524, *6 (11th Cir. 2009) (citing <u>Cordoba v. Dillard's, Inc.</u>, 419 F.3d 1169, 1181 (11th Cir. 2005)).

The existence of an agreement between LPS and Sirote & Permutt, PC is the foundation of all Plaintiff's claims against LPS. In the case of Katrinn Bowden Meeker, Plaintiff can produce no evidence that LPS provided the services alleged, nor that it shared in any payment for such services. The Affidavit of Michael Cloin and Declaration of Donald M. Wright show that LPS had no involvement with this Debtor's bankruptcy case. Accordingly, summary judgment is the appropriate remedy and is due to be granted as a matter of law.

## CONCLUSION

There is simply no evidence to satisfy the Plaintiff's requisite burden as to any count alleged, and, therefore, all claims against this Defendant fail, as no prima facie case of any claim presented can be established. <u>Celotex Corp. v. Katrett</u>, 477 U.S. 317, 322-23 (1986). As demonstrated above, there is no genuine issue of material fact to be decided as to the Plaintiff's claim against LPS, and LPS is entitled to summary judgment and dismissal.

**WHEREFORE, PREMISES CONSIDERED,** and as more fully developed in the Memorandum of Law submitted herewith, LPS requests the Court to grant summary judgment in its favor and to order that all claims against Defendants Lender Processing Services, Inc. and LPS Default Solutions, Inc. be dismissed as a matter of law. LPS requests the adversary proceeding be dismissed with prejudice, with costs charged to Plaintiffs and such other relief as the Court deems just and proper.[2] There being no just

---

[2] Including, but not limited to any relief available under Fed.R.Civ.P. 11 and the Alabama Litigation Accountability Act.

reason for delay, LPS requests this Court issue a final Order pursuant to Rules 54 and 56 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

LENDER PROCESSING SERVICES, INC.
and LPS DEFAULT SOLUTIONS

*s/ Eris Bryan Paul*
Robert M. Girardeau (GIR001)
Eris Bryan Paul (PAU014)
Attorneys for Defendants,

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 24th day of May, 2011 filed the attached via the Court's Electronic Filing System, which delivered notice of same to all counsel of record including the following:

S. Nick Wooten, Esq.
PO Box 3389
Auburn, AL 36831

Wesley H. Blacksher, Esq.
Blacksher & Haerrington, LLC
401 Church Street
Mobile, Al 36602

D.W. Grimsley, Jr. Esq.
PO Box 2207
Foley, AL 36536

Peter J. Mougey, Esq.
Levin, Panantonio, et al.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996

*s/ Eris Bryan Paul*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KATRINN BOWDEN MEEKER, DEBTOR ) | Bankruptcy Case: 10-04927 MAM |
| ) | |
| ) | |
| CHAPTER 13 | |

| | |
|---|---|
| KATRINN BOWDEN MEEKER, DEBTOR ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | Adversary Proceeding Number: |
| ) | 11:00040 |
| ) | |
| SIROTE & PERMUTT PC, LENDER ) | |
| PROCESSING SERVICES, INC., LPS ) | |
| DEFAULT SOLUTIONS, LLC ) | |

### AFFIDAVIT OF MICHAEL CLOIN

1. My name is Michael Cloin, I am over the age of 18 years and am competent to make this Affidavit. I am employed by LPS Default Solutions, Inc. ("LPS Default") as a Senior Vice President of Operations Management. This Affidavit is given based upon my own personal knowledge, upon information obtained from the records of LPS Default, and a review of this particular Debtor's bankruptcy filings. Any records of LPS Default reviewed in the preparation or execution of this Affidavit were created and maintained in the normal and ordinary course of business.

2. LPS Default is an indirect subsidiary of Lender Processing Services, Inc. Lender Processing Services, Inc. is a holding company. Lender Processing Services, Inc. has no employees, and it neither owns nor licenses any software or technology.

{01568511.1/1321-0015}

Case 11-00040    Doc 14    Filed 05/24/11    Entered 05/24/11 16:12:54    Desc Main
Document      Page 9 of 11

3. LPS Default provides loan servicing clients (each a "Client") and Client selected law firms ("Client Firms") with access to a set of proprietary and fully-hosted, web-based applications (collectively, the "System") designed by LPS Default for the management of foreclosures and bankruptcies. The System is a workflow management tool. The System provides a conduit for Clients and Client Firms to share and access information and documents related to matters referred by Clients to Client Firms, and for Clients and Client Firms to communicate across a secured platform.

4. According to the Court file, it appears that Wells Fargo Bank, N.A. acted as the servicer of this particular Debtor's loan. At all times relevant to this case, Wells Fargo, did not utilize the LPS Default System or any administrative default services in relation to this particular Debtor. Moreover, LPS Default did not provide any System technology to Sirote & Permutt, P.C. in relation to this particular Debtor.

5. Finally, in this particular Debtor's case, LPS Default did not provide any administrative default services to Sirote & Permutt, P.C. and has received no payment for any such services.

6. I have read the above and foregoing paragraphs, and they are true and correct to the best of my knowledge, information and belief.

Further affiant sayeth not.

Dated this the 24th day of May, 2011.

_____
Michael Cloin

STATE OF FLORIDA         *
DUVAL COUNTY             *

    Before me, the undersigned authority, personally appeared Michael Cloin, who is known to me, and stated that the within and forgoing affidavit is true and correct to the best of his knowledge, information, and belief, and that he executed the same voluntarily the day that same bears date.

_Angelia F. Larson_ Notary Public
My Commission Expires: 10/23/2011

[Notary Seal: ANGELIA F. LARSON, MY COMMISSION EXPIRES October 23, 2011, #DD 727840, Bonded thru Troy Fain Insurance, NOTARY PUBLIC, STATE OF FLORIDA]

{01568511.1/1321-0015}