UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| KATRINN B. MEEKER, | * | CASE NO: 10-04927-MAM-13 |
| | * | |
| Debtor. | * | |

| | | |
|---|---|---|
| KATRINN B. MEEKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | AP CASE NO: 11-00040 |
| | * | |
| SIROTE & PERMUTT, et al, | * | |
| | * | |
| Defendant. | * | |

**SIROTE & PERMUTT'S MOTION, BASED ON EVIDENTIARY GROUNDS, TO STRIKE PORTIONS OF PLAINTIFF'S EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT**

COMES NOW, Sirote & Permutt, P.C. ("Sirote"), defendant in the above-styled adversary proceeding, and moves the Court for an order striking portions of the evidence submitted by plaintiff Katrinn Meeker in opposition to Sirote's motion for summary judgment. Sirote moves to strike the following exhibits on the following grounds:

**Exhibit A-3 (Doc. 23-4).** This exhibit is a transcript of the deposition of Daphne Mosley, a representative of a company called Litton Loan Servicing, L.P., which was taken in a previous adversary proceeding in the United States Bankruptcy Court for the Middle District of Alabama. Under Rule 32(a)(8), Fed. R. Civ. P., a deposition taken in an earlier action can be used at a hearing or trial in a later action, but only if the later action is between the same parties (or their representatives or successors) and involves

1

the same subject matter.  Sirote submits that this particular deposition does not qualify, as the subject matter and parties are not the same.

**Exhibit A-11 (Doc. 23-12) (also attached to Meeker's response as Exhibit D (Doc. 23-24)).**  This exhibit consists of what Meeker describes in her response as a patent application (but what her attorney describes in his affidavit as a patent).  Meeker claims that this document somehow shows that the LPS defendants use a software program called Vendorscape to mask their involvement in referring files to law firms like Sirote.  As Sirote has demonstrated in its reply to Meeker's response, this document shows nothing of the sort.  In any event, the document has not been authenticated by anyone with personal knowledge of what it is.  Rule 56(c)(2), Fed. R. Civ. P., provides that a party may object if material cited to support a fact cannot be presented in a form that would be admissible in evidence.  Rule 901, Fed. R. Evid., requires that documents be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims.  The "patent" or "patent application" has not been properly authenticated under this rule and therefore has not been presented in a form that would be admissible in evidence.

Moreover, the statements of fact contained in the document are out of court statements offered to prove the truth of the matters allegedly asserted.[1]  Accordingly, the patent application is inadmissible hearsay under Rules 801 and 802, Fed. R. Evid.

**Exhibits 12-A-1 through 12-7 (Docs. 23-13 through 23-19).**  Meeker describes these documents as "filings made by Wells Fargo in the ongoing contempt proceedings in

---

[1] Although, as Sirote has pointed out in its reply to Meeker's response, the patent application does not actually contain the materials that Meeker asserts that it does.

the State of New Jersey." Again, these documents have not been authenticated as required under Rule 901.

**Exhibit 14 (Doc. 23-21).** Meeker's counsel refers to this document as a "servicer evaluation for Wells Fargo by Standard and Poors." He cites it for the proposition that Wells Fargo "is developing an LPS Desktop Automation Tool, which, when implemented, will improve the foreclosure and bankruptcy processes by improving existing workflow mechanisms and automating other processes." (Doc. 23-1 at 15). Meeker herself does not cite to it in her response, so the Court need not consider it. Rule 56(c)(3), Fed. R. Civ. P. ("The court need consider only the cited materials, but it may consider other materials in the record."). In any event, like the other exhibits referenced above, this document has not been properly authenticated. Moreover, the quotation that Meeker's counsel pulls from it is inadmissible hearsay.

**Supplemental Exhibit to Complaint (Doc. 10-1).** Meeker describes this document as "the default services agreement … between Option One (now American Home Mortgage Servicing, Inc.) and Fidelity National Foreclosure and Bankruptcy Solutions (now LPS Default)." (Doc. 23 at 9). This document, like the others, has not been properly authenticated.

In addition, portions of the affidavit of Plaintiffs' counsel, Nicholas Wooten (Exhibit A to Meeker's response), are inadmissible and should be stricken. In particular, the following paragraphs of the affidavit contain inadmissible opinions, beliefs, legal conclusions, or are not based on personal knowledge:

**Paragraph 13** contains counsel's subjective belief or supposition regarding the defendants' alleged "litigation strategy" and counsel's personal opinion regarding the

alleged motivation of Defendant LPS' affiant in support of summary judgment. Such statements of belief or personal opinion are not admissible. *See Pace v. Capobianco,* 283 F.3d 1275, 1278-1279 (11th 2002) ("The Rules are clear: 'Supporting and opposing affidavits *shall* be made on personal knowledge.' Fed.R.Civ.P. 56(e) (emphasis added). Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'-instead of only knowledge-from raising genuine issues of fact sufficient to defeat summary judgment.' Likewise, an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact. Even if the affidavit is otherwise based upon personal knowledge (that is, includes a blanket statement within the first few paragraphs to the effect that the affiant has 'personal knowledge of the facts set forth in th[e] affidavit'), a statement that the affiant believes something is not in accordance with the Rule.") (citations omitted).

**Paragraph 18** also contains counsel's professed "belief" regarding certain agreements and is inadmissible. *See id.*

**Paragraph 42** contains counsel's opinion or belief regarding the alleged credibility of the factual statements offered by the defendants and is inadmissible. *See id.*

**Paragraph 55** contains counsel's supposition and professed belief regarding the defendants' purported motivation in filing the present motion and is inadmissible. *See id.*

**Paragraph 56** contains counsel's beliefs and opinions regarding the defendants' subjective beliefs of the defendants' alleged litigation strategy and motivation and is inadmissible. *See id.*

**Paragraph 57** contains counsel's perceived beliefs regarding the defendants' knowledge of his awareness of the unauthenticated patent application submitted by the Plaintiffs and is inadmissible. *See id.*

**Paragraph 58** contains counsel's lay opinion and belief regarding the Vendorscape patent and technology and is inadmissible. *See id.*

**Paragraph 74** contains counsel's personal belief and opinion regarding the defendants' alleged "litigation tactics" and is inadmissible. *See id.*

WHEREFORE, Sirote & Permutt, P.C. respectfully requests the Court to enter an order striking the above-listed exhibits and portions of plaintiff's counsel's affidavit.

Submitted this 27th day of June, 2011.

    **/s/Jeffery J. Hartley**
    JEFFERY J. HARTLEY (HARTJ4885)
    D. ANDREW STIVENDER (STIVD4909)
    Attorneys for Sirote & Permutt, P.C.

Of counsel:
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2011, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to this proceeding or that I have served a copy by U.S. Mail.

    **/s/Jeffery J. Hartley**