IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE:<br><br>KATRINN BOWDEN MEEKER, DEBTOR<br><br>CHAPTER 13 | )<br>)<br>) Bankruptcy Case: 10-04927 MAM<br>)<br>) |

| | |
|---|---|
| KATRINN BOWDEN MEEKER, DEBTOR<br><br>PLAINTIFF,<br><br>vs.<br><br>SIROTE & PERMUTT PC, LENDER PROCESSING SERVICES, INC., LPS DEFAULT SOLUTIONS, LLC | )<br>)<br>)<br>)<br>)<br>) Adversary Proceeding Number:<br>) 11:00040<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF NICK WOOTEN AND MEMORANDUM IN SUPPORT

COME NOW the Defendants, **Lender Processing Services, Inc.**[1] and **LPS Default Solutions, Inc.** (unless individually identified, hereinafter collectively referred to as "LPS") who submit this Motion to Strike the Affidavit of Nick Wooten, including attached exhibits, which was filed in support of the Plaintiff's Rule 56(d) Response to Defendants' Motion for Summary Judgment. As grounds therefore, Defendants state as follows:[2]

---

[1] LPS Default Solutions, Inc. is an indirect subsidiary of Lender Processing Services, Inc.

[2] In addition, LPS adopts and incorporates as if set forth fully herein, the Motion to Strike filed by co-Defendant Sirote & Permutt, P.C.

{01577736.1/1321-0015}

1

## INTRODUCTION

In response to LPS' Motion for Summary Judgment, Plaintiffs have filed a response under Rule 56(d), requesting that the motion for summary judgment be stayed so the Plaintiff's counsel can conduct unspecified and potentially unlimited discovery. The response is supported by an affidavit of Plaintiff's counsel, Nick Wooten. The affidavit attempts to present unauthenticated, inadmissible and improper evidence to this Court, through testimony by counsel of record. Moreover, certain of Plaintiff's counsel's allegations regarding LPS's business practices are misunderstood and incorrect. As a result, should the affidavit not be stricken, attorney for the Plaintiff will become a material witness to this case.

## ANALYSIS

The State of Alabama has long acknowledged the established rule that a lawyer appearing as counsel for a party in court is an 'officer of the court' and therefore, cannot appear in that role as a witness offering testimony prejudicial to his client. *See* <u>Harkins & Co. v. Lewis</u>, 535 So.2d 104 (Ala. 1988). Moreover, the Alabama Rules of Professional Conduct, Rule 3.7 states plainly that:

> "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness, except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of a lawyer would work substantial hardship on the client."

The committee comments to the Alabama Rules of Professional Conduct state the "combining of the roles of advocate and witness could prejudice the opposing party and can involve conflict of interest between lawyer and client." Moreover, the tribunal has a

proper objection where the trier of fact may be confused or mislead by a lawyer serving as both an advocate and a witness. Id. An opposing party has a proper objection where the combination of roles may prejudice that party's rights in the litigation. Id. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. Id. It may not be clear whether a statement an advocate/witness should be taken as proof or as an analysis of the proof. Id.

In the present case the affidavit submitted by Plaintiff's counsel relates to the central contested issue in this case. As a result, this exception to the rule is clearly inapplicable. The Plaintiff alleges that LPS and Co-Defendant Sirote & Permutt, P.C. ("Sirote") are somehow involved in an elaborate fee-splitting scheme. Despite this allegation, the Plaintiff will have no evidence that any "fee" was paid by Sirote to LPS related to this Plaintiffs' bankruptcy case. Second, the testimony does not relate to the nature or value of legal services rendered in this case. This exception is designed to avoid disqualification disputes in the common situation of fee disputes, usually when post judgment attorney's fees awards against plaintiffs or defendants, arise. This exception again does not apply. Finally, striking this affidavit will impart no hardship on the Defendants. Because no fee was paid by Sirote to LPS, the Plaintiff will suffer no hardship by being faced with the true facts. Moreover, if Mr. Wooten wishes to become the Plaintiff's expert in this case, there are five other attorneys awaiting this Court's approval for employment of counsel for a special purpose.

Plaintiffs' counsel also attaches a large number of voluminous exhibits to the Affidavit. These exhibits are attached and submitted without being properly identified and authenticated. Moreover, a number of the exhibits constitute inadmissible hearsay.

{01577736.1/1321-0015}

3

"A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." Avirgan v. Hall, 932 F.2d 1572, 1577 (11th Cir. 1991) (citations omitted), cert. denied, 506 U.S. 952 (1992). The evidence "cannot consist of conclusory allegations or legal conclusions." Id. Moreover, unsupported self-serving statements by the party opposing summary judgment do not equate to substantial evidence of an injury capable of sustaining an action in tort. *See*, Midwestern Waffles, Inc. v. Waffle House, Inc., 734 F.2d 705, 714 (11th Cir. 1984). As such, not only does the affidavit in question combine the roles of advocate and witness, but the affidavit is replete with speculative legal conclusions based solely upon a foundation of "evidence" which is irrelevant, immaterial and inadmissible at trial.

WHEREFORE, PREMISES CONSIDERED and for the reasons set out above, LPS and LPS Default request the Court to strike the Affidavit of Nick Wooten, including the exhibits attached thereto.

Respectfully Submitted,
LENDER PROCESSING SERVICES, INC. and LPS DEFAULT SOLUTIONS

*s/ Eris Bryan Paul*
Robert M. Girardeau (GIR001)
Eris Bryan Paul (PAU014)
Attorneys for Defendants,

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

{01577736.1/1321-0015}

4

Case 11-00040   Doc 28   Filed 06/27/11   Entered 06/27/11 11:05:34   Desc Main
                          Document       Page 4 of 5

Telephone: (205) 251-1193
Telecopier: (205) 251-1256

                                              *s/Lawrence B. Voit*
                                              Lawrence B. Voit
                                              Attorney for Defendants, Lender
                                              Processing Services, Inc. and LPS
                                              Default Solutions, Inc.

**OF COUNSEL:**
SILVER, VOIT & THOMPSON, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
Telephone: (251) 343-0800
Telecopier: (251) 343-0862

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 27th day of June, 2011 filed the attached via the Court's Electronic Filing System, which delivered notice of same to all counsel of record including the following:

S. Nick Wooten, Esq.
PO Box 3389
Auburn, AL 36831

Wesley H. Blacksher, Esq.
Blacksher & Haerrington, LLC
401 Church Street
Mobile, Al 36602

D.W. Grimsley, Jr. Esq.
PO Box 2207
Foley, AL 36536

Peter J. Mougey, Esq.
Levin, Panantonio, et al.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996

                                              *s/ Eris Bryan Paul*