UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

KATRINN B. MEEKER,  Case No.: 10-04927-MAM-13

   *Debtor*.


KATRINN B. MEEKER,

   *Plaintiff*,

v.  Adv. Proc. No.: 11-00040

SIROTE & PERMUTT, et al.,

   *Defendants*.


**ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE AFFIDAVIT**
Nicholas H. Wooten, Attorney for the Plaintiff, Auburn, AL
Jeffery J. Hartley, Attorney for Sirote & Permutt, Mobile, AL
Eris B. Paul, Attorney for LPS and LPS Default Solutions, Birmingham, AL

This case is before the Court on the Defendants' Motions to Strike Affidavit. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Motions to Strike are due to be GRANTED.

Ms. Meeker filed a Response to the Defendants' Motions for Summary Judgment on June 14, 2011. In considering a Motion for Summary Judgment, a court may only consider evidence that is admissible or that could be presented in an admissible form. *Rowell v. Bellsouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005).

Attached to the Response were the following documents:

1

- The Affidavit of Nicholas Wooten, counsel for Ms. Meeker in this adversary proceeding.
- A single page of paper stating "Enclosed are Option One foreclosure documents…The official cover sheet and foreclosure documents are forth-coming" with a Fidelity National Foreclosure & Bankruptcy Solutions logo.
- The Declaration of Scott Walter, Vice President of Operations for LPS Default Solutions, from an adversary proceeding in the Middle District of Alabama styled Lorraine S. Hudson v. Litton Loan Servicing, et al.
- A transcript of the Oral Deposition of Daphne Mosley, Senior Litigation Processor for Litton Loan Servicing, on behalf of Litton Loan Servicing, from an adversary proceeding in the Middle District of Alabama styled Lorraine S. Hudson v. Litton Loan Servicing, et al.
- The Declaration of Ross Gloudeman, Vice President and Division Counsel at LPS, from an adversary proceeding in the Northern District of Mississippi styled Jonathan R. Thorne, et al. v. Prommis Solutions Holding Corporation, et al.
- The Motion of Jonathan R. Thorne, et al., to "Strike the Affidavit of Ross Gloudeman as a Sham or a Falsehood and for Other Appropriate Relief" from an adversary proceeding in the Northern District of Mississippi styled Jonathan R. Thorne, et al. v. Prommis Solutions Holding Corporation, et al.
- The 2010 Annual Report of LPS.
- A Memorandum Opinion by Judge Magner in the case of In re: Dorothy Chase Stewart, 391 B.R. 327 (Bankr. E.D. La. 2008).
- A printed document apparently taken from Sirote & Permutt's website on May 30, 2011, listing Sirote employees, a short statement about Sirote's mortgage banking representation, its technology, and its trade affiliations.
- A printed document apparently taken from Sirote & Permutt's website on May 30, 2011, listing months of "Press Room Archives" and containing a two-sentence statement about Sirote's "Excellence in Service"
- A printed document apparently taken from Sirote & Permutt's website on May 30, 2011, containing a short professional biography of Sirote shareholder Jerry E. Hand.
- A document that appears to be a United States Patent Application, no. 0080201190, dated August 21, 2008, from inventors William H. Compton and Charles R. Haag for a "System and method for electronic processing of default case files."
- A copy of a letter from Mark S. Melodia to Judge Richard Williams dated April 6, 2011, and a copy of a "Certification to New Jersey Special Master" signed by Timothy O'Brien, Senior Vice President at Wells Fargo, and what appears to be a copy of a Pooling and Servicing Agreement between Credit Suisse First Boston Mortgage Securities Corp., DLJ Mortgage Capital, Inc, Wells Fargo, Select Portfolio Servicing, Inc., JPMorgan Chase Bank, N.S., and U.S. Bank National Association.
- A copy of a document that appears to be a "Form of Reverse of Certificates" designated as "Credit Suisse First Boston Mortgage Securities Corp., Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-11.
- A copy of a document entitled "WFHM Affidavit Processing Training" with a Wells Fargo logo.
- A copy of a document entitled "Foreclosure Affidavit Training: Validation and Signing Process" with a Wells Fargo logo.

- A copy of a document entitled "WFHM Affidavit Processing Training: Plaintiff and Company Information Job Aid" with a Wells Fargo logo.
- A printed document that appears to be taken from the website "LinkedIn" on June 14, 2011, containing a profile of Brian Woodring, listing his occupation as "Software Engineer at LPS."
- A printed document that appears to be taken from the Standard & Poor's website on June 11, 2011, entitled "Servicer Evaluation: Wells Fargo Home Mortgage."
- A copy of an "Order Continuing Motion for Summary Judgment of LPS and LPS Default and Granting Limited Discovery Pursuant to Fed. R. Bankr. P. 7056(d)" from an adversary proceeding in the Northern District of Mississippi styled Jonathan R. Thorne, et al. v. Prommis Solutions Holding Corporation, et al.
- A second Declaration of Scott Walter, Vice President of Operations of LPS Default Solutions, from an adversary proceeding in the Middle District of Alabama styled Lorraine S. Hudson v. Litton Loan Servicing, et al.
- A second document that appears to be a United States Patent Application, no. 20080201190, dated August 21, 2008, from inventors William H. Compton and Charles R. Haag for a "System and method for electronic processing of default case files."

Sirote filed a Motion to Strike Portions of Plaintiff's Evidence on June 27, 2011. Specifically, Sirote seeks to strike the transcript of Daphne Mosley's deposition, the patent application, the documents relating to litigation in New Jersey state court and the WFHM "training" documents, the printout from the Standard & Poor's website, as well as the supplemental exhibit to the Complaint containing a "default services agreement" between Option One (now American Home Mortgage Servicing, Inc.) and Fidelity National Foreclosure and Bankruptcy Solutions (now LPS Default). In addition to these documents, Sirote also seeks to strike portions of the affidavit of Plaintiffs' counsel, Nicholas Wooten. LPS filed a Motion to Strike the Affidavit of Nick Wooten in its entirety and the attached exhibits on June 27, 2011. The Court will address each item in turn.

*(a) The Affidavit of Nicholas Wooten*

Sirote seeks to strike portions of the Wooten affidavit, while LPS seeks to strike the affidavit in its entirety. LPS argues that a lawyer appear as counsel for a party in court is an

"officer of the court" and therefore cannot appear in the role of a witness offering testimony. While there is no federal statute specifically prohibiting an attorney from being a witness for his client in a case in which he is representing that client, the Federal Rules of Civil Procedure and Evidence as well as the most states' Rules of Professional Conduct suggest that it is improper for an attorney to do so. Alabama Rule of Professional Conduct 3.7 suggests that it is only acceptable for a lawyer to act as an advocate and a witness simultaneously where the testimony relates to an uncontested issue, the testimony relates to the nature and value of legal services rendered in the case, or disqualification of the lawyer would cause a substantial hardship on the client.

Mr. Wooten's affidavit contains a variety of statements, some of which that could have been attested to by other witnesses. At times, Mr. Wooten states his opinion or belief regarding potential issues and evidence in this case. Overall, it is not clear which portions of Mr. Wooten's affidavit should be taken as fact statements and which portions are advocacy on behalf of his client, and the affidavit is improper. Even if were proper for Mr. Wooten to submit an affidavit in a case where he is also the lawyer for one of the parties, it contains inadmissible hearsay. It is proper to strike the Affidavit of Nicholas Wooten.

*(b) The deposition of Daphne Mosley*

The admissibility of depositions is governed by Federal Rule of Bankruptcy Procedure 7032. Rule 7032(a)(8) permits the use of depositions taken in an earlier action where the later action involves the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. Federal Rule of Evidence 804(b)(1) adds that testimony given at a deposition is not excluded as hearsay where the party

4

Case 11-00040   Doc 32   Filed 07/06/11   Entered 07/06/11 11:47:29   Desc Main
Document      Page 4 of 7

against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Sirote seeks to strike the deposition of Daphne Mosley, who is a representative of a company called Litton Loan Servicing, L.P. That deposition was taken as a part of an adversary proceeding in the Middle District of Alabama styled Lorraine S. Hudson v. Litton Loan Servicing, et al. None of the parties to this action were a party to the Hudson litigation and none of the parties had an opportunity to cross-examine Ms. Mosley. In accord with the Federal Rules of Bankruptcy Procedure and Evidence, the deposition of Daphne Mosley is inadmissible and it is proper to strike it.

*(c) The Patent Application*

28 U.S.C. § 1744 states: "Copies of letters patent or of any records, books, papers, or drawings belonging to the United States Patent and Trademark Office and relating to patents, authenticated under the seal of the United States Patent Office… shall be admissible in evidence with the same effect as the originals." Generally, when an apparent copy of a public record meets the requirements of such a code section no extrinsic evidence of authenticity is required. Fed. R. Evid. 902(4). In this case, the apparent patent application fails to meet the requirements of 28 U.S.C. 1744. It is not a letter of patent, book, or paper belonging to the United States Patent Office, nor does it bear the seal of the United States Patent Office, and it cannot be considered to be a self-authenticated record. Even if it were a self-authenticated document, it appears that the Plaintiff is offering it as proof of the statements it contains regarding LPS's technology, which is inadmissible hearsay. For these reasons, it is proper to strike the patent application.

5

Case 11-00040    Doc 32    Filed 07/06/11    Entered 07/06/11 11:47:29    Desc Main
Document      Page 5 of 7

*(d) Documents relating to New Jersey litigation and WFHM's Training documents*

Federal Rule of Evidence 901 requires that documents must be properly authenticated as a condition precedent to admissibility. This requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. At the hearing held on June 28, 2011, the Plaintiff argued that the documents in question are self-authenticating. Under Federal Rule of Evidence 902, extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to domestic public documents under seal, domestic public documents bearing an officer or employees signature made in an official capacity, foreign public documents, certified copies of public records, official publications issued by a public authority, newspaper and periodicals, trade inscriptions, acknowledged documents accompanied by a certificate executed by a notary public, commercial paper, and certified domestic and foreign records of regularly conducted practice.

Exhibits 12-A-1 through 12-7 do not fit within any of these categories. Rather, the documents include a letter from an attorney to a judge, a "Certification to New Jersey Special Master," a document that appears to be a pooling and service agreement bearing no signatures or notarization, a document that appears to be a "Form of Reverse of Certificates" bearing no signatures or notarization, a document attached to the "Form of Reverse of Certificates" entitled "Mortgage Selling and Servicing Contract" between Fannie Mae and Wells Fargo that bearing two signatures but no notarization, and a series of documents that appear to be internal training memorandum for Wells Fargo Home Mortgage. These documents are not self-authenticating under Federal Rule of Evidence 902, nor have they been authenticated under Federal Rule of Evidence 901, and it is proper to strike them.

*(e) Printout from Standard & Poor's website*

This printout that is apparently from the Standard & Poor's website has not been authenticated in accord with Federal Rule of Evidence 901, nor is it a self-authenticating document in accord with Federal Rule of Evidence 902. It appears that the Plaintiff is offering it for the truth of its content, making it inadmissible hearsay. It is proper to strike the printout from the Standard & Poor's website.

*(f) Supplemental Exhibit to the Complaint (DSA between Option One and Fidelity)*

The Plaintiff filed a supplemental exhibit to her complaint on May 6, 2011, containing what appears to be a Default Services Agreement between Option One Mortgage and Fidelity National Foreclosure Solutions, Inc., dated January 15, 2006. The document also appears to have been filed in the Bankruptcy Court for the Eastern District of Louisiana on April 28, 2011. The document bears two signatures, but is not notarized. This document has not been authenticated in accord with Federal Rule of Evidence 901, nor is it a self-authenticating document in accord with Federal Rule of Evidence 902. It is proper to strike the supplemental exhibit.

Therefore, it is ORDERED that the Motion to Strike is GRANTED.

Dated: July 6, 2011

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE