UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

KATRINN B. MEEKER,　　　　　　　　　　　　　　　Case No.: 10-04927-MAM-13

　　*Debtor*.


KATRINN B. MEEKER,

　　*Plaintiff*,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No.: 11-00040

SIROTE & PERMUTT, et al.,

　　*Defendants*.

**ORDER CONTINUING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

　　Nicholas H. Wooten, Attorney for the Plaintiff, Auburn, AL
　　Jeffery J. Hartley, Attorney for Sirote & Permutt, Mobile, AL
　　Eris B. Paul, Attorney for LPS and LPS Default Solutions, Birmingham, AL

　　This case is before the Court on the Defendants' Motions for Summary Judgment and the Defendants' Motions to Strike Affidavit. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Motions for Summary Judgment are due to be continued.

FACTS

　　Katrinn Meeker filed a voluntary chapter 13 petition on October 21, 2010. In her schedules, Ms. Meeker lists her homeplace as 12020-B County Road 54 East, Daphne, Alabama. Wells Fargo is listed on Schedule D as a creditor holding a secured claim on that homeplace. On

1

January 12, 2011, Wells Fargo (as successor in interest to Superior Bank) filed a Motion for Relief from Stay seeking to foreclose on the mortgage lien it held on Ms. Meeker's homeplace property. Wells Fargo attached an affidavit setting forth a statement of Ms. Meeker's account, a copy of the Mortgage (as originally executed between Ms. Meeker and Superior Bank), and a copy of the Note.

Ms. Meeker filed an Objection to the Relief from Stay on February 11, 2011, requesting a preliminary hearing and setting forth several affirmative defenses including: illegal charges added to the balance, failure of contractual condition precedent, failure to comply with Fannie Mae/Freddie Mac regulations, failure of good faith and fair dealing, unclean hands, no HUD counseling notice, and failure to comply with federal law such as TARP and HAMP. Ms. Meeker also asserted a Conditional Counter-Motion Requesting the Recovery of Legal Fees and Expenses citing 28 U.S.C. § 1927. Following her objection to Relief from Stay, Ms. Meeker filed this adversary proceeding on April 13, 2011.

The Court held a hearing on the Motion for Relief from Stay in the underlying bankruptcy case on April 20, 2011. No party presented argument to the Court or raised any issues relating to this adversary proceeding. On May 5, 2011, the Court entered an Order Conditionally Denying the Motion for Relief from Stay. The conditional denial order contained the following provisions: Wells Fargo is permitted to file a claim for post-petition mortgage arrearage through April, 2011; Wells Fargo is entitled to attorneys fees and costs, to be paid through the plan; and should the Debtor default she will be given 15-days written notice with a 15-day period in which to cure the default. No party raised any other issues at the Relief from Stay hearing.

This adversary was filed as a class action complaint on behalf of Ms. Meeker and similarly situated chapter 13 debtors against Sirote & Permutt, PC ("Sirote"), Lender Processing Services, Inc. ("LPS"), and LPS Default Solutions ("LPS Default"). The plaintiffs allege that LPS and LPS Default (referred to collectively here as "LPS") are vendors to a network of mortgage servicers with whom they enter into "Default Services Agreement" contracts ("DSA"). Plaintiffs allege that under a DSA, each servicer is required to utilize the legal services from the "Fidelity Network" of attorneys for mortgage foreclosures, bankruptcies and other loan default services. The Plaintiffs allege that the Fidelity Network of attorneys is maintained and managed by LPS. The Plaintiffs further allege that the servicers do not pay LPS, instead, attorneys who are a part of the Fidelity Network receive attorneys' fees from the servicers and in turn pay "technology and administrative support" fees to LPS. The Plaintiffs also allege that Sirote and other Fidelity Network firms sought reimbursement of fees from bankruptcy estates.

The complaint asserts the following causes of action: abuse of the bankruptcy process, fraud on the Court, declaratory and injunctive relief, violation of the automatic stay, contempt of the Bankruptcy Code, contempt of the Federal Rules of Bankruptcy Procedure, breach of the Uniform Mortgage Covenants, unauthorized practice of law, civil conspiracy, and violation of 18 U.S.C. § 155's proscription against fixing attorney's fees in a bankruptcy proceeding.

In support of the complaint, the Plaintiffs attached what is presumably a power point presentation given at an LPS Investor meeting, a copy of LPS' SEC Filing dated February 23, 2010, a deposition take on June 16, 2009, in the case of *Wood v. Option One*, et al., and a copy of a "Network Agreement" between Fidelity National Foreclosure and Scott J. Humphrey. On May 6, 2011, the Plaintiffs added an additional attachment - a DSA between Option One and

3

Fidelity Nat'l Foreclosure & Bankruptcy Solutions, Inc. (which appears to be a predecessor in interest to Wells Fargo in some cases).

LPS filed its Motion for Summary Judgment on May 24, 2011, arguing that LPS was not involved with Ms. Meeker's mortgage or bankruptcy, that LPS did not "refer" the matter to Sirote, and that LPS has not provided Sirote with any technology or administrative services related to Ms. Meeker's bankruptcy. LPS attached the Affidavit of Michael Cloin, Senior Vice President of Operations Management at LPS Default. In his affidavit, Mr. Cloin states that LPS Default provides web-based applications for the management of foreclosures and bankruptcies, referred to as the "System." He states that Wells Fargo (the servicer of Ms. Meeker's loan) did not utilize the LPS System or any administrative default services in relation to Ms. Meeker. He further states that LPS did not provide any System technology to Sirote in relation to Ms. Meeker, and did not receive any payment for such services.

Sirote also filed a Motion for Summary Judgment on May 24, 2011, arguing that Ms. Meeker lacks standing to pursue her cause of action because LPS played no role in connection with Meeker's mortgage loan or bankruptcy. In addition to the affidavit of Mr. Cloin, Sirote also submitted the Declaration of Donald M. Wright, Shareholder of Sirote and Chairman of the firm's Consumer Bankruptcy Practice Group. In his declaration, Mr. Wright states that neither LPS nor LPS Default provided any services to Sirote with regards to Ms. Meeker's bankruptcy, nor did Sirote pay LPS any fee relating to Ms. Meeker's mortgage or her bankruptcy.

Ms. Meeker responded to the Motions for Summary Judgment on June 14, 2011, arguing that the Defendants' Motions for Summary Judgment are premature, the Affidavit of Mr. Wooten is sufficient to postpone a ruling on Summary Judgment, and the affidavit demonstrates a genuine issue of material fact. The Affidavit of Mr. Wooten and a few of the Plaintiffs'

exhibits have been stricken by a separate order and therefore shall not be taken into consideration here. The Court held a hearing on these matters on June 28, 2010, and each party presented oral argument. At the conclusion of the hearing the Court took this matter under advisement.

LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. Pro. 7056(c). Proof must be by a preponderance of the evidence. *See, e.g*, *In re McKinnon*, 378 B.R. 405, 411 (Bankr. S.D. Ga. 2007) (stating that "the default standard of proof in a bankruptcy case" is preponderance of the evidence).

Rule 7056(e) states:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

5

> (1) Give an opportunity to properly support or address the fact;
> (2) Consider the fact undisputed for purposes of the motion;
> (3) Grant summary judgment if the motion and supporting materials…show that the movant is entitled to it; or
> (4) Issue any other appropriate order.

"The availability of a continuance is built into the rules to guard against the premature entry of summary judgment." *Reynolds v. Potter*, 178 Fed. Appx. 998, 999 (11th Cir. 2006) (quoting *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989). In this case, a major issue to consider in ruling on the Motions for Summary Judgment is whether LPS had any involvement in Ms. Meeker's bankruptcy case. The affidavits submitted by the Defendants state that LPS had no involvement, however, the Plaintiffs have not yet conducted discovery as to that issue. In order to guard against premature entry of summary judgment, the Plaintiffs should have a brief opportunity to conduct limited discovery as to this specific issue only.

Therefore, it is ORDERED:

1. The Motions for Summary Judgment are continued;

2. The Plaintiffs shall be permitted to proceed with discovery strictly limited to the issue of whether LPS or LPS Default provided any services related to Ms. Meeker's bankruptcy case, and discovery not directly related to Ms. Meeker's case will not be permitted;

3. The Court may enter appropriate protective orders limiting the use or dissemination of documents or information obtained through discovery to use in this adversary proceeding, and dissemination to attorneys and parties in this adversary proceeding;

4. If the parties cannot agree on specific discovery requested by the Plaintiffs under this Order, Plaintiffs shall filed a motion setting out the discovery sought and request a hearing on that discovery;

5. The limited discovery shall be completed within 60 days of the entry of this Order.


Dated:   July 6, 2011


/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE